**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                         No. 01-4934

TAMMY ROSE DOVE,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
William L. Osteen, District Judge.
(CR-00-331)

Submitted: June 4, 2002

Decided: June 25, 2002

Before MOTZ and TRAXLER, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Urs Roland Gsteiger, HORTON & GSTEIGER, P.L.L.C., Winston-Salem, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Robert M. Hamilton, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Tammy Rose Dove pleaded guilty to an indictment charging conspiracy to make, possess or utter forged securities in violation of 18 U.S.C.A. § 513 (West 2000). She received no term of imprisonment, but instead was sentenced to a term of supervised release. Dove admittedly violated the terms of her supervised release. At her revocation hearing, the district court departed from the guideline range of 3 to 9 months and sentenced Dove to 16 months imprisonment. The court based its departure on verbally abusive remarks Dove directed towards members of the Probation Office.

We review a district court's revocation of supervised release for abuse of discretion. *See United States v. Davis*, 53 F.3d 638, 642-43 (4th Cir. 1995). The district court need only find a violation of a condition of supervised release by a preponderance of the evidence. *See* 18 U.S.C.A. § 3583(e)(3) (West 1994 & Supp. 2001). Moreover, if the court has considered the relevant factors and the applicable policy statements, it has the discretion to impose a sentence outside the ranges set out in the sentencing guidelines. *See Davis* at 642-43. Dove argues that she did not receive sufficient notice of the allegations that she verbally abused probation officers prior to the supervised release revocation hearing. Dove, however, cites no authority for the proposition that she was entitled to notice of all conduct the court might consider in imposing sentence following a concededly proper finding that revocation was warranted. In any event, we note that the petition for revocation filed by the Probation Office in fact described in detail the conduct forming the basis for the court's decision to depart from the guideline range.

Accordingly, we hold the district court did not abuse its discretion in departing from the guideline range and sentencing Dove to sixteen months imprisonment. We therefore affirm the judgment of the dis-

trict court. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*